UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN COSTELLO, and ERICA COSTELLO,<br><br>PLAINTIFFS,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST 2018-I, and<br><br>WELLS FARGO HOME MORTGAGE, and<br><br>FAY SERVICING LLC<br><br>DEFENDANTS | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

Plaintiffs sue Defendants and by way of a Complaint state:

1. **Parties and Jurisdiction**

    A. Plaintiffs JOHN COSTELLO, and ERICA COSTELLO are of majority age residing at 344 Roberts Drive, Somerdale NJ 08083.
    B. Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST 2018-I, is and was, at all material times hereto, a foreign corporation and/or other legal entity, whose corporate and alleged authority to do business in the State of New Jersey is unknown, but with its principal place of business located at 425 Walnut Street Cincinnati, OH 45202.
    C. Defendant WELLS FARGO HOME MORTGAGE is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its principal place of business located at 7001 Westown Pkwy West Des Moines, IA 50266.
    D. Defendant FAY SERVICING LLC is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State

    of New Jersey is unknown, but with its principal place of business located at 425 S Financial Pl Suite 2000, Chicago, IL 60605

E. At all times relevant and material hereto the Defendants were the owners and/or servicers of the Note/Mortgage referenced herein, and charged with the responsibility of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times on their own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage and of each other and bearing liability as predecessors and/or successors in interest of each other – all engaging in the conduct hereinafter set forth in this Complaint, individually and/or jointly.

F. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the FDCPRA, 15 U.S.C. § 1601, et. seq.

G. The amount in controversy is in excess of $75000.00.

2. **Background and Material Facts**

A. At all times relevant and material hereto Plaintiffs JOHN COSTELLO and ERICA COSTELLO were the alleged debtors on a certain Note/Mortgage identified as Loan Number 0000238006, which was alleged to be in a delinquent and/or default status.

B. In order to resolve the alleged default the individual Plaintiffs advised the Defendants of their intentions to pursue Loss Mitigation and Mortgage Assistance Relief.

C. In response, the Defendants did offer to assist said individual Plaintiffs in loss mitigation and to do so in a competent and professional manner, abiding by a laws, statues and regulations governing the handling and processing of a loss mitigation and/or mortgage assistance relief application.

D. At all times relevant and material hereto the said individual Plaintiffs did accept aforesaid offer and did pursue an application for loss mitigation relief and/or mortgage assistance relief.

E. On or about June 10, 2019 Defendant Wells Fargo Home Mortgage did make a formal offer for mortgage assistance in the terms of a written offer, a copy of which is attached hereto and marked as **Exhibit A.**

F. Said offer was accepted and a binding contract was created.

G. At all times relevant and material hereto said contract imposed upon all Defendants, in their individual capacity and in their capacity as a successor in interest and/or servicer of the mortgage, the duty and obligation to handle payments made under this agreement in accordance with statutory law and regulations governing mortgage payments, including but not limited to 12 CFR 1026.36 (c)(1).

H. Notwithstanding said duty, the Defendants did, in their individual capacity and in their capacity as a successor in interest and/or servicer of the mortgage, fail to properly credit payments made. Specifically, but not by way of limitation: the terms of the mortgage assistance agreement required the Plaintiffs to make bi-monthly payments and Plaintiffs proceeded to pay accordingly. However, Defendants proceeded to treat and apply one of said bi-monthly payments as a full escrow payment as opposed to properly applying the same towards principal, interest and escrow as required under 12 CFR 1026.36(c)(1). A copy of the Plaintiffs' Transaction Payment History as compiled by Defendant Fay Servicing LLC, evidencing said misapplication, is attached hereto and marked as **Exhibit B.**

I. The aforesaid misapplication as made by the Defendants did result in the Plaintiffs being short on their total monthly mortgage obligation and did create a false delinquency as to the status of their mortgage loan, which was, amongst other things, reported as a negative comment against their credit reports.

J. Plaintiffs made numerous and repeated attempts to have the Defendants immediately correct said errors, yet all attempts were ignored, and Defendants continued with the same errors and continued to treat the Plaintiffs' loan as being delinquent and in default.

K. Defendants then proceeded to take a full five months in an attempt reconcile and correct the aforesaid, which Defendants had admitted was an error on their part and which Defendants also admitted should not have take 5 months to reconcile and adjust.

L. At all times relevant and material hereto, the Defendants' attempt to reconcile and correct their errors failed. Specifically, but not by way of limitation:

   i. Defendants failed to adjust and account for the proper interest rate in effect when performing a "funds reversal";

   ii. Defendants failed to properly reverse and adjust for accumulated interest and late charges during the period that payments were being misapplied;

   iii. Defendants failed to account for and/or properly apply ongoing payments made by the Plaintiffs during the time of reconciliation;

   iv. Despite representations that the account of the Plaintiffs was on "hold" during the period and process of reconciliation, the Defendants continued to assess interest and/or other charges and continued to treat the loan as being delinquent;

   v. At the conclusion of the reconciliation Defendants continued to wrongfully maintain a position that the loan of the Plaintiffs was delinquent and that an escrow balance was due

M. At all times relevant and material hereto the Plaintiffs made it known to the Defendants via multiple communications that negative comments against the credit reports of Plaintiff John Costello, and/or foreclosure or threat of foreclosure would adversely affect the employment status of Plaintiff John Costello, including but not limited to a termination of employment and/or license to conduct business.

N. In an attempt to resolve the dispute as to the alleged status of the Plaintiffs' loan, the Defendants did proceed to propose and offer the following Loam Modification: *Lender would defer the past due amounts and the client would pay $1,020 + $254 per biweekly payment for a total of $1,274 for 7 biweekly payments (or 3.5 monthly payments). This would catch up any alleged escrow delinquency and then borrowers would go back to regular payments of $1020 every 2 weeks.*

O. Without prejudice and without any admission of delinquency, default and/or shortage of escrow, Plaintiffs did, on December 3, 2020, communicate an acceptance of this Loan Modification proposal. A copy of Plaintiffs' Counsel's email communicating said acceptance is attached hereto and marked as **Exhibit C.**

P. Despite a formal acceptance of aforesaid offer, the Defendants did proceed to ignore and/or fail to communicate with, acknowledge and implement the terms of this Modification agreement as required under 12 C.F.R. 1024.41

Q. Plaintiffs did proceed to pay and attempt to pay to the Defendants pursuant to the terms of aforesaid agreement as outline in Paragraph M above – however to date the Defendants have failed to acknowledge said payments, issue an accounting and/or issue periodic statements as required by law. Additionally, Defendants have failed to accept and/or otherwise assist the Plaintiffs in the making of their most recent payment, claiming that they could not do so as the account was "delinquent".

R. Defendants continued to implement the terms of the Modification and, instead, on January 6, 2021 did serve the Defendants with a Notice of Default and Intention to Foreclose – a copy of which is attached hereto and marked as **Exhibit D.**

S. At all times relevant and material hereto said Notice was sent by the Defendants with reckless indifference of the Plaintiffs' interests and with an intent to harm the Plaintiffs. Specifically, but not by way of limitation Defendants knew:

  i. That the Plaintiffs had accepted a Modification Offer, and had been paying in accordance with its terms – as a result of which Plaintiffs' loan should have been marked and current;

  ii. The Plaintiffs had been continuously disputing any alleged delinquency and escrow shortage;

  iii. That it was Defendants own admitted conduct in mishandling payments and escrow that created a false delinquency which they failed to properly correct;

  iv. That an allegation of default, threat of foreclosure and/or negative credit reporting would adversely affect Plaintiff John Costello's employment and business license.

T. In an attempt to have the Defendants correct their misconduct and to save the Plaintiffs from pending and possible immediate harm, Plaintiffs' counsel to contact Defendants' attorneys as identified in said Notice, via email dated January 13, 2021, demanding the immediate retraction of said Notice and compliance with the Modification, however said email was ignored. A copy of email is attached hereto and marked as **Exhibit E.**

U. At all times relevant and material hereto the Defendants failed provide timely and accurate period statements and escrow analyses thereby denying the Plaintiffs of the ability to properly monitor their account.

V. At all times relevant and material hereto the Plaintiff made repeated requests and demands to investigate and correct the aforesaid payment application misconduct of the Defendants and to correct and restore the subject mortgage account in accordance with the terms of the Permanent Modification, however said demands were repeatedly ignored in violation of applicable statutory laws and regulations, including but not limited to:

1. 12 USC Sec 2605(f) and Sec 2614 –12 CFR Sec 1024.39 imposing a duty to establish early intervention with an alleged delinquent consumer.
2. 12 USC Sec 2605(f) and Sec 2614 –12 CFR Sec 1024.40 imposing a duty to establish and maintain continuity of contact with an alleged delinquent consumer seeking loss mitigation assistance, including the providing of a singular point of contact.
3. 12 USC Sec 2605(f) and Sec 2614 –12 CFR Sec 1024.41 imposing a duty to assist with loss mitigation, which includes the implementation of permanent modifications terms.
4. 12 CFR Sec 1024.35 and/or 12 CFR Sec 1026.31 regarding to resolution of billing disputes and error resolution procedures, together with the time frames contained therein.
5. 12 CFR Sec 1024.36(c)(1) compelling proper and timely application of periodic/partial and non-conforming payments;
6. 12 USC Sec 2609(a) and 12 CFR Sec 1024.17(c) compelling the duty to perform a proper escrow analysis and calculate proper escrow payment;

7. 12 USC Sec 2609(c)(2) and 12 CFR Sec 1024.17(i) compelling a duty to provide timely and accurate escrow statements;
8. 15 USC Sec 1638(f) and 12 CFR Sec 1026.41 compelling the duty to provide timely and accurate periodic statements;
9. 12 USC Sec 2605(e) and 12 CFR Sec 1024.35 / 1024.36 compelling timely responses to Notices of Error and Requests for Information.

W. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12 U.S.C. Sec 2605(f) and Sec 2614, and 15 U.S.C Sec 1640(a).

X. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA, as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

Y. The Plaintiffs as borrowers may enforce violations of the provisions cited within this Complaint through a private cause of action pursuant to state and federal common law and statutes/ regulations, including but not limited to: 12 U.S.C. Sec 2605(f), 2605(t), 2614,  12 C.F.R. Sec 1024.40 and 1024.41 (a), and 15 USC Sec 1640(a).

Z. As a direct result of Defendants mishandling of payments and credits, and the inexplicable breach and violation of a binding Permanent Modification Agreement, followed by lack of communication and assistance, all as required under Federal and State statutes and common law, the Plaintiffs have been denied their contractual and statutory right to a Permanent Loan Modification, have had their account remain in a default status with improper charges, interest and penalties assessed and still accumulating, have had their credit rating and reputation permanently harmed, have been placed under fear and stress over loss of income and employment and are facing foreclosure.

AA. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

   a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of employment, business license and their property.
   b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs.
   c. Counsel fees and costs.
   d. Other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE

### Common Law Negligence and/or Reckless Indifference and/or Intentional Misrepresentation

1. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.
2. At all times relevant and material hereto the Defendants undertook a duty to manage and service the Note/Mortgage identified as Loan Number 0000238006, in a professional and competent manner so as to safeguard the rights and entitlements of the Plaintiffs.
3. Despite said duty the Defendants, through their agents, servants and employees, negligently, carelessly, recklessly and/or intentionally failed to manage, service and/or maintain the said Loan and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation, by engaging in the conduct, acts and omissions as outlined and specified in **Paragraphs E through V** inclusive of the **Background and Material Facts** of this Complaint, incorporated herein by reference.

4. Alternatively, and or additionally, Defendants negligently, carelessly, recklessly and/or intentionally engaged in acts of omission, including but not limited to failing to communicate, knowingly disregarding concealing, and suppressing material account information and status of an accepted Loan Modification Agreement.

5. At all times relevant and material hereto, Defendants knew that the Loan Modification Agreement and modified loan terms were, amongst other purposes, an attempt to cure the alleged default and end any threat of foreclosure, all of which the Plaintiffs were entitled to receive.

6. As a direct result of the conduct of the Defendants as herein before and hereinafter set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of employment, business license and their property.

    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs.

    c. Counsel fees and costs.

    d. Other losses as may be revealed during discovery or the trial of this case

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

   a. Punitive and/or treble damages;
   b. Damages as permitted by statute and common law;
   c. Counsel fees;
   d. All other relief this Court deems necessary and just.

## COUNT TWO

**Breach of Contract and Breach of Covenants of Good Faith and Fair Dealing**

7. The Plaintiffs incorporate herein by reference all preceding paragraphs as if fully set forth herein.

8. In New Jersey a breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages.

9. At all times relevant and material hereto Defendants had contracted, promised, agreed and represented that it would:

    a. Manage and service the Note/Mortgage identified as Loan Number 0000238006, in a professional and competent manner so as to safeguard the rights and entitlements of the Plaintiffs having an interest in said obligation.

    b. Properly service the subject Loan and handle, process and implement the Plaintiffs' mortgage relief and subsequent loan modification diligently and in accordance with the law, and otherwise not take any action which would harm the Plaintiffs and their rights, including but not limited to their rights to:

        i. timely and accurate periodic statements,
        ii. timely and accurate escrow analyses,
        iii. proper crediting and application of payments,
        iv. timely and proper resolution of billing disputes,
        v. adherence to representations made such as placing of account status on "hold" pending reconciliation of account
        vi. recognizing the existence of a genuine account dispute and not taking any action that would harm the Plaintiffs

10. Additionally, the Defendants did prepare and offer a Permanent Modification Agreement which designed to end any alleged default and lead to a cure of said default and threat of foreclosure which Agreement was at all times properly accepted and honored by the Plaintiffs.

11. Defendants proceeded to breach and otherwise violate the above agreements by thereafter engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation, by engaging in the conduct, acts and omissions

as outlined and specified in **Paragraphs E through V** inclusive of the **Background and Material Facts** of this Complaint, incorporated herein by reference.

12. Said conduct as hereinbefore set forth also constituted a violation of Defendants' implied covenant of good faith and fair dealing with the Plaintiffs.

13. As a result of Defendants' material breach of aforesaid Agreements, the Plaintiffs have been deprived of their statutory and contractual right to the enumerated benefits and to the default cure.

14. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure.

15. As a direct result of the conduct of the Defendants as herein before and hereinafter set forth, the Plaintiffs have suffered severe damages, including but not limited to:
    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of employment, business license and their property.
    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs.
    c. Counsel fees and costs.
    d. Other losses as may be revealed during discovery or the trial of this case

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for damages, interests and costs of suit including:
   a. Punitive and/or treble damages;
   b. Damages as permitted by statute and common law;
   c. Counsel fees;
   d. All other relief this Court deems necessary and just.

### COUNT THREE
**Common Law Fraud and/or Violation of the New Jersey Consumer Fraud Act**

**N.J.S.A. 56:8-1 et seq.**

16. Plaintiffs hereby incorporate herein by reference all preceding paragraphs as if set forth at length.
17. At all times relevant and material hereto the Plaintiffs were consumers of the Defendants' goods and services and as such the conduct of the Defendants and the transaction was governed by the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**
18. At all times relevant and material hereto the Defendants did violate **the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.** by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation by:
    a. Engaging in a pattern of misconduct consisting of repeated misrepresentations concerning the quality and professionalism of their services.
    b. Engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation, by engaging in the conduct, acts and omissions as outlined and specified in **Paragraphs E through V** inclusive of the **Background and Material Facts** of this Complaint, incorporated herein by reference.
    c. Failing to rectify errors and/or address Plaintiffs' submissions.
    d. Without legitimate cause, breaching an accepted Loan Modification and refusing to maintain continuity of contact thereafter.
    e. Creating a false past-due status of the subject loan, leading to wrongful accusations of delinquency, default and threat of foreclosure.
    f. Permitting and allowing wrongful, improper and excessive charges of accrued interest, late fees and penalties to be assessed against the subject Loan.
    g. Permitting and allowing the above cited regulations, provisions and statutes to be violated and otherwise failed to provide supervision and controls to prevent said violations.

      h.  Harassing, frustrating and/or otherwise seeking to improperly delay the Plaintiffs' attempt at loss mitigation.

19. The actions of the Defendants were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiffs.

20. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendant has wrongfully threatened to pursue foreclosure all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

21. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of employment, business license and their property.
    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs.
    c. Counsel fees and costs.
    d. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;
    b. Damages as permitted by statute and common law;
    c. Counsel fees;
    d. All other relief this Court deems necessary and just.

## COUNT FOUR

**Violations of the Truth-in-Lending Act and**
**Real Estate Settlement and Procedures Act**

22. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.
23. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).
24. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.
25. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.
26. The Plaintiff alleges that the conduct of the Defendants indicates a pattern and practice of failures to comply with Federal Regulations and Statutes, specifically, but not by way of limitations those laws as identified in "**Background and Material Facts**", set forth above, incorporated herein by reference.
27. Specifically, but not by way of limitation the Defendants' violations and failures consisted of:
    a. Engaging in a pattern of misconduct consisting of repeated misrepresentations concerning the quality and professionalism of their services.
    b. Engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation, by engaging in the conduct, acts and omissions as outlined and specified in **Paragraphs E through V** inclusive of the **Background and Material Facts** of this Complaint, incorporated herein by reference.
    c. Failing to rectify errors and/or address Plaintiffs' submissions.
    d. Without legitimate cause, breaching an accepted Loan Modification and refusing to maintain continuity of contact thereafter.

    e. Creating a false past-due status of the subject loan, leading to wrongful accusations of delinquency, default and threat of foreclosure.

    f. Permitting and allowing wrongful, improper and excessive charges of accrued interest, late fees and penalties to be assessed against the subject Loan.

    g. Permitting and allowing the above cited regulations, provisions and statutes to be violated and otherwise failed to provide supervision and controls to prevent said violations.

    h. Harassing, frustrating and/or otherwise seeking to improperly delay the Plaintiffs' attempt at loss mitigation

    a. Engaging in a "pattern or practice" of non- compliance with Federal Regulations and Statutes, specifically, but not by way of limitations those laws as identified in Paragraph V of the "**Background and Material Facts**", set forth above, incorporated herein by reference.

    b. Harassing, frustrating and/or otherwise seeking to improperly delay the Plaintiffs' attempt at loss mitigation.

28. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiffs severe financial, physical and emotion damage and loss.

29. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of employment, business license and their property.

    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs.

    c. Counsel fees and costs.

      d.      Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

*/s/ Thomas Masciocchi*

_____

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
New Jersey State Bar ID No.: 027941988
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiffs,* **JOHN COSTELLO, and ERICA COSTELLO**